A. LYSA SIMON, SBN 94884
LAW OFFICES OF A. LYSA SIMON
9846 White Oak Avenue
Suite 205
Northridge, CA 91325
(818) 701-5200

Attorney for Movant/Creditor
UNIVERSITY CREDIT UNION

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Jessica Jenkins<br><br>Debtor.<br>- | CASE NO. 1:16-bk-13332-MT<br><br>CHAPTER 7<br><br>STIPULATION FOR ADEQUATE PROTECTION ORDER<br>(NON-DISCHARGEABILITY OF DEBT)<br><br>**No Hearing Scheduled** |

COMES NOW Creditor, University Credit Union (hereafter the "Credit Union"), represented by counsel, A. Lysa Simon, a member of the Law Offices of A. Lysa Simon, and Debtor, Jessica Jenkins (hereafter the "Debtor"), represented by counsel, David S. Hagen, a member of the Law Offices of David S. Hagen, who stipulate as follows:

I. **RECITALS**

1.  A Voluntary Petition under Chapter 7 of the Bankruptcy Code was filed by Debtor, Jessica Jenkins (hereafter referred to as the "Debtor"), represented by counsel, David S. Hagen on or about November 21, 2016.

2.  David Seror was appointed as interim Trustee, has qualified, and is now acting as Trustee.

3.  The Credit Union is a creditor of the Debtor.

///
///

4. The Court has exclusive jurisdiction over this proceeding under 28 U.S.C. Section 1471(a) and 11 U.S.C. Section 523. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(I).

5. The Credit Union is a creditor of the Debtor, on the following:

   a. A line of credit Credit Card obligation. The Credit Union refers to the subaccount internally as a V-90 subaccount. The Debtor obtained credit from the Credit Union, in excess of the sum of $2,500.00, within seventy (70) days of her filing bankruptcy. The Debtor owes the Credit Union on said advances as of February 28, 2017, the principal sum of $2,505.69, plus interest, and attorneys' fees.

   b. A vehicle secured loan, secured by a certain 2015 Honda Civic EX-L, Vehicle Identification Number 2HGFB2F99FH522573. The Credit Union refers to the subaccount internally as an L-1 subaccount. The Debtor has already signed a reaffirmation agreement on said loan. It is included in this Stipulation, because the Credit Union has agreed to assist the Debtor by rolling into the L-1 loan, the principal amount owed on the V-90 subaccount, and to not increase the payments on the L-1 secured subaccount. The Debtor owes the Credit Union on the L-1, as of February 28, 2017, the principal sum of $17,027.16, plus interest in the sum of $8.37.

6. Payments on the L-1 are at the rate of $122.30 and are due every other Wednesday. The next payment is due on March 8, 2017.

7. If the Credit Union were to file an Adversary Action under 11 U.S.C. §523(a)(2)(C), there would be a presumption that the advances on the V-90 subaccount, taken within 70 days of the date the Debtor filed her bankruptcy were fraudulent.

## II. STIPULATION

8. The recitals above are incorporated herein by this reference into this Stipulation. The Debtor represents and warrants all statements made in the section above are true and correct.

9. The Debtor agrees the amounts she owes the Credit Union on her combined L-1 (which now consists of her vehicle secured loan and $2,505.69 of her credit card account V-90), shall not be dischargeable under 11 U.S.C. §523(a)(2) and (10) in the above referenced bankruptcy, nor in any subsequent bankruptcy the Debtor may file. The amount of the combined L-1 subaccount is as follows:

    a. Principal in the sum of $19,532.85, with interest in the sum of $8.37, and additional interest accruing at the rate of two and ninety-nine hundredths percent (2.99%) per annum, after February 28, 2017.

    b. The Credit Union's actual attorneys' fees.

10. The Debtor agrees to make restitution payments as follows:

    a. The Debtor will pay the Credit Union at the rate of $122.30, every other Wednesday, until all sums due, owing and unpaid are paid in full. The next payment is due on March 8, 2017.

11. The Credit Union agrees if all of the Debtor's payments to the Credit Union are made on or before the date they are due, and the Debtor does not breach any term or condition of this Stipulation, that the Credit Union **will waive the amounts indicated below. HOWEVER, IF ANY PAYMENT IS NOT RECEIVED ON OR BEFORE THE DATE IT IS DUE, OR ANY PAYMENT IS RETURNED UNPAID FOR ANY REASON, OR ANY TERM OR CONDITION OF THIS STIPULATION IS BREACHED BY THE DEBTOR, ALL WAIVERS WILL BE NULL AND VOID AND ALL SUMS WILL BE DUE AND OWING, AS SET FORTH IN PARAGRAPH 9 AND ITS SUBPARTS a. AND b., LESS CREDIT FOR ANY PAYMENTS RECEIVED BY OR ON BEHALF OF THE DEBTOR.**

    a. Waive recovery of the attorneys' fees and costs the Credit Union has incurred, as of February 28, 2017, as long as there is no breach or default, of this Stipulation.

12. All payments made by the Debtor and/or on her behalf to the Credit Union shall be in good and negotiable funds.

13. The Debtor agrees to prospective relief (i.e., this Stipulation for a Protective Order shall apply) in any bankruptcy, which the Debtor may file prior to the Debtor paying off all sums due, owing and unpaid, as agreed in this Stipulation under 11 U.S.C. §523(a)(2) and (10).

14. This Stipulation will apply and control regardless of whether the Debtor obtains a discharge in a Chapter 7, 11, or 13 bankruptcy, now or in the future, or her current bankruptcy is dismissed for any reason.

15. All payments are to be made either electronically through payroll deduction or by check payable to "University Credit Union" and remitted directly to the Credit Union. Payment shall be remitted by cashiers' check, money order, or personal check of the Debtor and/or by someone on her behalf, at the address listed below in this paragraph for the Credit Union or as the Credit Union's counsel instructs Debtor in writing to send payments. Any and all payments are to be in good and negotiable funds. Any and all cashiers' checks, money orders and personal checks shall have the Debtor's name, i.e., Jessica Jenkins, and her full account number clearly written on the face of the check. The current address to which the Debtor is to send checks, is University Credit Union, Account Resolution Department, 1500 South Sepulveda Boulevard, Los Angeles, CA 90025-3312. Any notice of change of address will be in writing and mailed to the Debtor at her last known address.

16. Any notice sent to the Debtor shall be sent to her last known address. The Debtor's current address is 11514 North Poema Place, Number 204, Chatsworth, CA 91311. If the Debtor moves, she shall send the Credit Union and the Credit Union's attorney of record, written notice of her change of address.

17. Any notice sent to the Debtor will also be carbonless copied to the Debtor's attorney, David S. Hagen, until a discharge is entered in the Debtor's bankruptcy. After the entry of the Debtor's discharge, it will be understood that David S. Hagen is no longer representing the Debtor.

///

18. The Credit Union agrees that it will NOT take any legal action against the Debtor, as long as Debtor does not breach any term or condition of this Stipulation. If the Debtor does default on any term or condition of this Stipulation, including non-exclusively, the requirement that she make payments every other Wednesday, when due, in good and negotiable funds, starting March 8, 2017, the Credit Union shall cause to be mailed to Debtor at her last known address as listed above, by first class mail, postage prepaid, a written Ten (10) Day Notice of Default and opportunity to cure. The Debtor will have said time to cure the default. If the Debtor fails to cure the default or if there is a subsequent default, the Credit Union may proceed with any legal action against the Debtor in State Court, in the manner permitted by law, without any waiver of interest, late fees, or attorneys' fees or costs.

19. The Debtor agrees to pay the Credit Union's actual attorneys' fees and costs, if there is a default or breach of this Stipulation.

20. The Debtor shall advise the Credit Union in writing of her current address or employment upon request by the Credit Union or the Credit Union's counsel.

21. The Debtor waives her right to an appeal.

22. The Debtor waives her right to a trial or hearing of any kind.

23. The Debtor understands time is of the essence.

24. The Debtor agrees that she will be deemed to have withdrawn from membership once the combined L-1 subaccount has been paid in full and/or immediately if said subaccount is in default. The Debtor understands that she has caused the Credit Union to suffer a loss and for that reason she is not a member in good standing at the Credit Union. As a member who is not a member in good standing the Debtor is not entitled to any membership benefits, other than the right to vote and/or maintain a basic savings account at the Credit Union.

25. The Debtor has been advised by her attorney as to the legal effect of this Stipulation.

///

26. The Credit Union, in order to work with the Debtor and to assist her in complying with the terms and conditions of this Stipulation, may choose to allow the Debtor to modify the payment schedule from time to time. Any such modification must be in writing and must be signed by the Credit Union or by its legal counsel. Moreover, any waiver or modification of the terms or conditions shall not be construed to be a waiver of any future defaults of this Stipulation for Adequate Protection Order.

27. Nothing in this Stipulation prevents the Debtor from paying off her debt to the Credit Union early.

28. This Stipulation may be signed in counterpart. A faxed signature shall be treated the same as an original signature.

IT IS SO STIPULATED:

Dated:_____

(Please see next page)

_____
Debtor, Jessica Jenkins

Dated: *March 3, 2017*

UNIVERSITY CREDIT UNION

*/s/ C. Smalls*
_____
By: CARYL SMALLS
Account Resolution Manager

*Approved as to form and content:*

Dated: 3/8/17

LAW OFFICES OF A. LYSA SIMON

/s/ A/ Lysa Simon
_____
A. LYSA SIMON, Attorney for Creditor,
University Credit Union

Dated:_____

LAW OFFICES OF DAVID S. HAGEN

(Please see next page)
_____
DAVID S. HAGEN, Attorney for Debtor,
Jessica Jenkins

26. The Credit Union, in order to work with the Debtor and to assist her in complying with the terms and conditions of this Stipulation, may choose to allow the Debtor to modify the payment schedule from time to time. Any such modification must be in writing and must be signed by the Credit Union or by its legal counsel. Moreover, any waiver or modification of the terms or conditions shall not be construed to be a waiver of any future defaults of this Stipulation for Adequate Protection Order.

27. Nothing in this Stipulation prevents the Debtor from paying off her debt to the Credit Union early.

28. This Stipulation may be signed in counterpart. A faxed signature shall be treated the same as an original signature.

IT IS SO STIPULATED:

Dated: 3/6/2017

_____
Debtor, Jessica Jenkins

Dated: _____

UNIVERSITY CREDIT UNION

(Please see previous page)

By: CARYL SMALLS
Account Resolution Manager

*Approved as to form and content:*

Dated: 3/8/2017

LAW OFFICES OF A. LYSA SIMON

/s/ A. Lysa Simon
_____
A. LYSA SIMON, Attorney for Creditor,
University Credit Union

Dated: 3-6-17

LAW OFFICES OF DAVID S. HAGEN

_____
DAVID S. HAGEN, Attorney for Debtor,
Jessica Jenkins

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9846 White Oak Avenue, Suite 205
Northridge, CA 91325

A true and correct copy of the foregoing document entitled (specify): **STIPULATION FOR ADEQUATE PROTECTION ORDER (NON-DISCHARGEABILITY OF DEBT)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 3/9/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

DEBTOR'S ATTORNEY: David S. Hagen, go4broq@earthlink.net
CHAPTER 7 TRUSTEE: David Seror (TR), mtzeng@brutzkusgubner.com, C133@ecfcbis.com
ATTORNEY FOR CREDIT UNION: A. Lysa Simon, culawyers@earthlink.net
ATTORNEY FOR PRA RECEIVABLES: Valerie Smith, claims@recoverycorp.com
U.S. TRUSTEE (SV): ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 3/9/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| JUDGE IN CHAMBERS: | DEBTOR: |
|---|---|
| Honorable Maureen A. Tighe | Jessica Jenkins |
| U.S. Bankruptcy Court | 11514 N. Poema Place #204 |
| Central District of California | Chatsworth, CA 91311 |
| San Fernando Valley Division | |
| 21041 Burbank Boulevard, Suite 324 | |
| Woodland Hills, CA 91367-6603 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/9/2017 | Laura Taylor | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**